## Neiss Estate

*Arthur F. McNulty, deputy attorney general,* for the commonwealth.
*Lloyd R. Persun,* for petitioner.

SWOPE, *P.J.,* May 5, 1988—This case is before the court on appeal from a board of finance and revenue order refusing a claim filed on behalf of the estate of Rosalie K. Neiss for refund of Pennsylvania inheritance tax.

The parties have filed a stipulation of facts in this matter. The basic facts of this case are not in dis-

pute. Mrs. Neiss died testate on February 25, 1986. Letters testamentary were issued to taxpayer's executrix, Rosalie K. Baldwin, on March 5, 1986. The executrix filed the taxpayer's inheritance tax return on May 23, 1986, and paid $10,890.81 within the discount period. The estate and executrix were not represented by counsel at the time this tax return was filed. On the return, the executrix listed as a taxable asset the date of death value of decedent's interest in a retirement plan maintained by her employer. Before her death, decedent did not have the right to possess, enjoy, assign or anticipate her interest in the plan which was paid equally to her daughters when she died. During her lifetime, decedent did not receive any distribution or payment of her interest in the plan. The inheritance tax collected during the discount period on decedent's retirement plan interest was $5,178.54.

On August 11, 1986, the department of revenue issued to the taxpayer a notice of inheritance tax appraisement, allowance or disallowance of deductions and assessment of tax. In the notice of assessment, the department of revenue accepted the inheritance tax return as filed. The taxpayer received the notice of assessment on August 13, 1986. The executrix did not protest or appeal the notice of assessment. On March 31, 1987, the executrix filed a petition for refund with the board of finance and revenue seeking a cash refund of the inheritance tax paid on decedent's retirement plan, together with interest thereon as provided by law.

The board of finance and revenue refused taxpayer's petition for refund on May 26, 1987. The board's order was mailed to taxpayer's attorneys on May 29, 1987. On June 19, 1987, the estate timely filed its petition for review with this court. Oral argument was heard on March 28, 1988.

The issue before us is whether petitioner's failure to appeal the notice of assessment would preclude petitioner from pursuing a petition for refund. This issue presents a case of first impression for the court. After a careful review of the relevant sections of the Inheritance and Estate Tax Act, we find that these sections do not require an appeal of a notice of assessment in order to entertain a petition for refund. Section 1781 provides, in pertinent part, as follows:

"(a) *When refund will be made.* — A refund shall be made of any tax to which the commonwealth is not rightfully or equitably entitled provided the commonwealth determines the refund is due or application for refund is made within the appropriate time limit as set forth in subsection (d).

"(d) *Time for claiming refund.* — Application for refund of tax shall be made within two years after:

"(1) the court has rescinded its order and adjudication of presumed death when the refund is claimed for tax paid on the transfer of the estate of a presumed decedent who is later determined to be alive;

"(2) termination of litigation establishing a right to a refund. . . .;

"(3) it has been finally determined that the whole or any part of an alleged deficiency tax, asserted by the federal government beyond that admitted to be payable, and in consequence of which an estate tax was paid under section 1717 (relating to estate tax) was not payable;

"(5) the date of payment, or the date of the notice of the assessment of the tax, or the date the tax becomes delinquent, whichever occurs later, in all other cases.

"(e) *To whom application for refund shall be made.* — An application for refund of tax shall be

made to the Board of Finance and Revenue." 72 Pa.C.S. §1781 (a), (d), (e).

The clear language of this section does not limit the availability of refunds with regard to inheritance tax assessments. Section 1781 provides for refunds with regard to "any tax to which the commonwealth is not rightfully or equitably entitled."

Section 1786 also contains no language which would require a taxpayer to appeal a notice of assessment in order to petition for a refund. Section 1786 provides, in pertinent part, as follows:

"(a) *General rule.* — Any party in interest, including the commonwealth and the personal representative, not satisfied with the appraisement, the allowance or disallowance of deductions, the assessment of tax, or supplements or any other matter relating to any tax imposed by this chapter, within 60 days after receipt of notice of the action complained of *may:*

"(1) file with the department a written protest, sending a copy thereof to the Office of the Attorney General;

"(2) notify the register in writing that he elects to have the correctness of the action complained of determined at the audit of the account of the personal representative; or

"(3) appeal to the court to have the correctness of the action complained of determined at the audit of the account of the personal representative, or at a time the court shall fix." (emphasis supplied) 72 Pa.C.S. §1786(a)

Section 1786 does not indicate that failure to appeal an assessment will foreclose a taxpayer's application for a refund. This section states that a party in interest *may* (as opposed to "must" or "shall") take various courses of action to appeal an assessment. This language does not suggest that the ap-

peal procedure is the taxpayer's exclusive remedy.

The cases cited by the commonwealth to support its contention that section 1786 is the exclusive method for challenging an inheritance tax assessment are inapplicable to the case at bar. These cases concern the allowance of an appeal from the assessment of inheritance tax. The case before us involves a petition for refund. Petitioner has cited a number of cases which would recognize a right to petition for refund in situations similar to the case at bar. Therefore, we find that if a taxpayer pays inheritance tax for which he is not legally liable, a petition for refund is allowable, regardless of his failure to file an appeal from assessment.

In the case at bar, the executrix included the date of death value of decedent's interest in an employer sponsored retirement plan in the estate's inheritance tax return. Under section 1711 (a) of the Inheritance and Estate Tax Act, decedent's interest in the retirement plan is not subject to inheritance tax. Section 1711 (r) states:

"(r) *Employment benefits.* — Payment under pension, stock bonus, profit-sharing and other retirement plans . . . are exempt from inheritance tax to the extent that decedent before his death did not otherwise have the right to possess (including proprietary rights at termination of employment) enjoy, assign or anticipate the payment made." 72 Pa.C.S. §1711 (r).

Thus, the executrix mistakenly included a nontaxable asset in the estate's inheritance tax return. This mistake was discovered seven months after the notice of assessment was issued. The estate filed its petition for refund within the two year period of limitation of 72 Pa.C.S. §1781(d)(5). Since the commonwealth is not rightfully or equitably entitled to the inheritance tax paid on the retire-

ment plan interest, a refund is available to the estate. Therefore, we enter the following

## ORDER

And now, this May 5, 1988, the order of the board of finance and revenue of May 26, 1987, in the estate of Rosalie K. Neiss, deceased, is hereby set aside. The board of finance and revenue is ordered to pay a refund of transfer inheritance tax to the estate of Rosalie K. Neiss, deceased, in the amount of $5,178.54, plus interest computed from May 30, 1987, at the rates provided by law.